[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT AND OTHER PENDINGMOTIONS
The plaintiff instituted the present action seeking to recover monetary damages for personal injuries sustained as a result of an automobile accident occurring on May 31, 1988. At the time of the accident the plaintiff himself was on 100% social security disability as a result of unrelated injuries sustained in a prior automobile accident. The plaintiff claimed that he sustained serious personal injuries, including permanent injuries, to his neck and back arising out of the automobile accident giving rise to the present litigation. The defendants admitted liability for the accident but denied, and seriously contested, that the injuries claimed by the plaintiff were received as a result of the automobile accident occurring in May of 1988. The defendants pointed specifically to some approximately twenty five other incidents, most of which were motor vehicle accidents, in which the plaintiff could have sustained personal injuries. The plaintiff particularly emphasized an automobile accident occurring in October of 1988 and asserted that injuries claimed by the plaintiff arose from one or more of these other events. The plaintiff's witnesses were cross examined at length concerning the causal relationship between the injuries claimed by the plaintiff in the present action and the automobile accident of May of 1988.
On April 28, 1989, the jury returned a verdict in favor of the plaintiff for economic damages in the amount $15,093.79 and non-economic damages in the amount of $20,000.00 for a total award of $35,093.79. Following the return of the verdict by the jury the plaintiff has filed a motion entitled Additional Motion to Set Aside Verdict and for a New Trial as well as a Motion For Additur. Both motions are based upon the claim that the verdict was inadequate and against the evidence.
Litigants have a constitutional right to have factual issues resolved by the jury and this right includes the right to have the issue of damages determined by the jury and not by the court where there is room for a reasonable difference of opinion among fair minded jurors. The role of the court is extremely limited. The only practical test to apply is whether the verdict falls somewhere within necessarily CT Page 6939 uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. See such cases as Mather v. Griffin Hospital, 207 Conn. 125, 138-139 (1988).
The issues of the nature of the injuries sustained by the plaintiff and the causal relationship of the accident of May of 1988 to those injuries were matters contested by the defendant. Given the constitutional right to have the damage award determined by the jury and the limited role of the Court, the Court can not say that the award has rendered by the jury is not within the necessarily uncertain limits of just damages. Accordingly the motion filed by the plaintiff to set aside the verdict as against the evidence and inadequate as well as the Motion for Additur are therefore denied.
The plaintiff has also filed a Motion in Arrest of Judgment, a Motion to Set Aside Verdict and for a New Trial and a Motion Evidentiary Hearing all of which relate to an issue of claimed juror misconduct. The motions filed by the plaintiff assert that a juror engaged in misconduct by discussing the case with a non juror or that a juror engaged in misconduct by discussing the case with a juror outside the presents of the rest of jury panel. The matter was raised during the course of deliberations and prior to the time that the jury rendered its verdict. At the time of the matter was first raised, the plaintiff was sworn as a witness and the facts upon which the motions are based are as follows. The plaintiff testified that when he was returning from lunch while the jury was in the process of deliberating, a number of people were standing and sitting in front of the court house. As he passed two people one of whom was a women, he heard the words "truck driver", "man", "total disability" and then laughter. He interpreted the remarks as making a joke of the accident. Plaintiff's specifically testified that he couldn't state that either of the parties to whom he referred were members of jury. It is true that the plaintiff was on total disability at the time of the accident and was struck by a truck owned by one defendant and operated by the other defendant. It is also true that those basic facts might be known by anyone who entered the courtroom during jury selection and certainly by the time of opening statements. It is also true that the plaintiff himself was present in court during the entire trial and had an opportunity during that time to observe members of the jury so that he would be able to identify them. In view of the nature of the remarks and the fact that there is no evidence that a juror was involved, the court therefore deems it inappropriate to hold further evidentiary hearings and the motions filed by the plaintiff based upon juror misconduct are hereby denied. SeeState v. Ross, 230 Conn. 183, 228 (1994). CT Page 6940
The defendants have also filed a motion for attorney's fees in the amount of $350.00 on the grounds that their offer of judgment of $40,000.00 exceeds the verdict. However the parties have agreed that each party shall bear their own costs and that there will be no request for costs filed by either party. Accordingly, the court denies the defendants motion for attorney's fees based upon the agreement of the parties. The defendants have also filed a motion for a collateral source hearing. The parties, however, stipulated that the defendants are entitled to a collateral source credit in the amount of $4,698.05. Accordingly judgment may enter in favor of the plaintiff in the amount of $30,395.74 comprised of economic damages of $10,395.74, after the collateral source credit, and the non-economic damages of $20,000.00.
RUSH, JUDGE